IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEVORIS ANTOINE NEWSON #620472,  )
                                 )
        Plaintiff,               )
                                 )       NO. 3:23-cv-00081
v.                               )
                                 )       JUDGE RICHARDSON
TRINITY SERVICES GROUP, INC., et al.,  )
                                 )
        Defendants.              )

## <u>ORDER</u>

Plaintiff Devoris Antoine Newson, an inmate at Trousdale Turner Correctional Center in

Hartsville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1)

and an application to proceed as a pauper (also called an in forma pauperis application, or "IFP

application"). (Doc. No. 2.) As explained below, the Complaint is unsigned, and Plaintiff's IFP

application is incomplete. Accordingly, for this case to proceed, Plaintiff must follow the

instructions at the end of this Order.

## I.      Complaint

Because Plaintiff is representing himself, he must personally sign every filing he submits

to the Court. Fed. R. Civ. P. 11(a). To comply with Rule 11(a)'s signature requirement, Plaintiff

must provide a handwritten signature (like the signature Plaintiff provided on his IFP application).

(*See* Doc. No. 2 at 2); *Jefferson v. Lee*, No. 3:20-CV-00469, 2021 WL 2017898, at *1 (M.D. Tenn.

May 20, 2021) ("As Rule 11(a) is now framed, . . . the requirement of a signature [indicates], as a

signature requirement commonly does, and as it did in John Hancock's day, a name handwritten

(or a mark handplaced).") (quoting *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)). But in the

space on the complaint form for a signature, Plaintiff drew symbols, wrote numbers, and included

the phrase "all rights reserved 1-207." (*See* Doc. No. 1 at 7.) These inscriptions have no effect in this case, and they do not meet Rule 11(a)'s signature requirement. Accordingly, the Clerk is directed to **RETURN** the Complaint to Plaintiff.

## II.    IFP Application

An inmate's IFP application must be accompanied by a certified copy of his trust account statement for the 6-month period before he filed the Complaint. This statement must be signed by the custodian of his trust account. 28 U.S.C. § 1915(a)(2). Here, Plaintiff's IFP application—though accompanied by what appears to be a printout of purported trust account activity for the approximately six-month period before he filed the Complaint—is not accompanied by a certificate of trust account activity signed by an appropriate official at Plaintiff's place of incarceration. Accordingly, the application (Doc. No. 2) is **DENIED** without prejudice. The Clerk is **DIRECTED** to mail Plaintiff another blank IFP application (short form).

## III.    Instructions to Plaintiff

For this case to proceed, Plaintiff **MUST** sign and return the Complaint, and he **MUST** either pay the full $402.00 filing fee in one lump sum or file a properly completed IFP application. Plaintiff's submissions must be filed within **30 DAYS** of the date this Order is entered on the docket and include the assigned case number, **No. 3:23-cv-00081**. To file in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

Plaintiff is **WARNED** that failure to comply with this Order will result in dismissal of this case without prejudice. Fed. R. Civ. P 41(b).

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE