IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEVORIS ANTOINE NEWSON | ) |
| | ) |
| v. | ) NO. 3:23-cv-00081 |
| | ) |
| TRINITY SERVICES GROUP, INC., et al. | ) |

**O R D E R**

For the reasons set out below, Plaintiff's motion (Docket Entry No. 30) to be provided with file stamped copies of his filings and Plaintiff's motion (Docket Entry No. 29) for the appointment of counsel are DENIED.

The fact that Plaintiff has been granted *in forma pauperis* status does not entitle him to receive from the Court free, file stamped copies of his filings or free copies of any other filings made in this case. If he desires copies of filings, he must make arrangements to pay for copies through the Clerk's Office. The Clerk is directed to include a copy of the docket sheet along with the copy of this Order that is sent to Plaintiff.

The Court finds no basis upon which to appoint counsel to Plaintiff. The appointment of counsel in a civil case is not a constitutional right and there is no duty to appoint counsel to represent a plaintiff in a civil action. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Willit v. Wells*, 469 F.Supp. 748, 751 (E.D. Tenn. 1977). Furthermore, Plaintiff is not entitled to the appointment of counsel merely because he filed a lawsuit while being held in custody, because he seeks the vindication of civil rights, or because he may not have funds to afford counsel. Although the Court has discretion in deciding whether to appoint counsel in civil cases, it is well settled that appointment should be allowed only in exceptional cases. *Lanier*, *supra*; *Lavado v. Keohane*, 992 F.2d 601, 604–06 (6th Cir. 1993). While the Court acknowledges that Plaintiff has

set out reasons why he believes that it will be difficult for him to litigate his case as a *pro se* prison inmate, he has not set out circumstances that render his case an exceptional case that requires the appointment of counsel. If further proceedings suggest that the appointment of counsel is appropriate, the Court will address the issue *sua sponte* and may reconsider the matter.

Also before the Court is Plaintiff's response (Docket Entry No. 28) to the answer filed by Defendant Cody Spencer. Rule 7(a)(7) of the Federal Rules of Civil Procedure permits the filing of a reply/response to an answer only if the Court orders that such a reply/response be filed. The Court did not enter an order requiring a reply/response and sees no reason for a reply/response to Defendant Spencer's answer to be filed. Accordingly, the reply/response shall have no legal purpose, meaning, or import in this action. If Defendant Spencer later files a motion to dismiss the case or any claims, Plaintiff will have the opportunity to challenge the arguments for dismissal that are raised in the motion.

Finally, in a "Notice" filed by Plaintiff, *see* Docket Entry No. 27, he asserts that he sent to the Clerk 20 amended complaints and service of process forms for 19 Defendants but that the Clerk returned them to him with a letter stating "we only need the original complaint and submit the summons again (corrected)." *Id*. at 2.

By Order entered May 24, 2023 (Docket Entry No. 26), Plaintiff was advised that the Court, after initial review, had limited the claims in this case to (1) a claim of racial discrimination against Steward Wagner based on Wagner allegedly firing Plaintiff from his kitchen job at TTCC and (2) claims of retaliation against Officer Spence and Captain Smith based on their alleged actions following the alleged assault of Plaintiff at TTCC on January 11, 2023, and that all other defendants, claims, and requests for relief were dismissed. Plaintiff was given until June 23, 2023, to return completed service packets for the Defendants. Because the

Court has not approved the two amended complaints (Docket Entry Nos. 31 and 32) that were recently filed by Plaintiff (and that were filed after his letter), there is no reason for Plaintiff to send to the Clerk service packets for nineteen defendants.[1]

Any party objecting to this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The objections/motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the objections/motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

So ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[1] In an order to be entered separately, the Court will address Plaintiff's two amended complaints.