UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEVORIS ANTOINE NEWSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action Number 3:23-CV-81 |
| | ) District Judge Eli J. Richardson |
| TRINITY SERVICES GROUP, INC., ET AL, | ) Magistrate Judge Barbara D. Holmes ) Jury Demand |
| Defendants. | ) ) ) |

## OBJECTION TO AMENDED COMPLAINTS

Pursuant to Federal Rule of Civil Procedure 15, Defendant Codey Spencer ("Spencer") respectfully objects to the Amended Complaints that Plaintiff Devoris Antoine Newson ("Newson") filed in this matter. (Docket Entries 31-32). Newson did not obtain consent from the parties or permission from the Court before filing the Amended Complaints. Along with this, allowing Newson to assert the claims that are contained in the Amended Complaints would be futile. For these reasons, the Court should disallow Newson's Amended Complaints.

### I. PROCEDURAL BACKGROUND

Newson was a prisoner of the State of Tennessee and previously was incarcerated at the Trousdale Turner Correctional Center ("Trousdale"). CoreCivic, Inc. ("CoreCivic") operates Trousdale pursuant to a contract with the Tennessee Department of Correction, and Spencer previously served as a correctional officer at Trousdale. Newson filed the Complaint in this matter on or about January 27, 2023, and then subsequently filed an Amended Complaint on or about February 14, 2023. (Docket Entries 1, 5). On April 21, 2023, the Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915 and outlined the factual allegations and the claims that

Newson was attempting to assert in this lawsuit. (Docket Entry 15). Regarding the factual allegations, the Court provided in relevant part as follows:

- On February 1, 2022, Newson was working as a server in the kitchen at Trousdale, became aware that Director Fairbanks and Steward Wagner refused to process his work credits, and confronted them on August 8, 2022. Director Fairbanks and Stewart Wagner refused to remedy the issue. (Docket Entry 15 at 2-3).

- On October 10, 2022, Steward Wagner fired Newson from his job in the kitchen and referenced Newson's race. Newson raised the issue with Director Fairbanks and Steward Wagner, and they explained that Trinity Services Group, Inc. ("Trinity"), the company that provides food services at Trousdale, can do what it wants and instructed Newson not to return to the kitchen. (*Id*. at 3).

- On November 18, 2022, Correctional Officer Leon told Newson that Director Fairbanks placed the designation of "fired" by his name in a database and that Correctional Officer Leon would not let him return to the kitchen as a result. One month later, Newson received the response to a grievance that he filed regarding this incident, and the grievance stated that Newson could not be denied the right to work and was to return and receive pay and credits. (*Id*.).

- On January 10, 2023, a new kitchen officer allowed Newson to work the 2:00 a.m. shift in the kitchen. A Trinity employee with the last name Daily incited a riot by telling other inmates that she did not like Newson and to keep Newson away from her. The other inmates threatened Newson, so Newson left the kitchen. (*Id*.).

- On January 11, 2023, two inmates associated with Trinity beat and almost stabbed Newson to death, told Newson that he should have stayed out of the kitchen, and pushed Newson out of the housing unit. One of the inmates was not housed in the

unit, but Spencer allowed him to enter. Newson told Spencer what took place, and Spencer retaliated by telling a sergeant that Newson refused to return to the housing unit. The sergeant searched Newson and threatened to pepper spray him but ultimately talked with Newson regarding what took place. Newson was escorted to medical and checked for injuries. Newson told Captain Cameron Smith ("Smith") what took place and was placed in a holding cell in retaliation and to avoid an investigation. Newson informed a Unit Manager about this incident and reported the incident to various entities and individuals. (*Id*. at 4-5).

- On January 15, 2023, Newson informed the Warden about the attack on January 11, 2023, and the Warden explained that he was not surprised because CoreCivic maximizes wages by minimizing staff. (*Id*. at 5).

Ultimately, the Court determined that Newson stated a claim of racial discrimination against Steward Wagner based on the allegation that Steward Wagner allegedly fired Newson from his kitchen job and claims of retaliation against Smith and Spencer based on allegations regarding their actions following the alleged assault of Newson on January 11, 2023. (*Id*. at 17). Spencer has been served with the Summons and Amended Complaint and has filed an Answer. (Docket Entry 24). Spencer is not aware of the status of service on the other Defendants.

Recently, Newson filed a document titled "Amended Complaint Amended Relief" (Docket Entry 31) and a Third Amended Complaint (Docket Entry 32). In the "Amended Complaint Amended Relief," Newson explains that he is filing the Third Amended Complaint because the Court conducted a screening pursuant to 28 U.S.C. § 1915 and limited some of his claims, causing Newson to believe that more detail is warranted. (Docket Entry 31 at 6). In his Third Amended Complaint, Newson attempts to include dozens of defendants in his lawsuit, including the Governor of Tennessee, the Governor of Texas, the Sheriff of El Paso County, Texas, the Chief

Executive Officer of CoreCivic, and various corrections personnel at Trousdale. (Docket Entry 32 at 5). He then goes on for pages about alleged issues at Trousdale that did not have any impact on him and that do not have any bearing on the claims in this lawsuit. (*Id*. at 5-9). Newson then enumerates the claims that he intends to assert in this lawsuit, including the following:

- He improperly was arrested, charged, and incarcerated, he notified various individuals of these improprieties, and they did nothing in response. (Docket Entry 32 at 9).

- When he first was incarcerated at Trousdale in 2021, he was placed in a dangerous housing unit and severely was beaten by unnamed inmates as part of a conspiracy between judicial, law enforcement, and security personnel. (*Id*.).

- The referenced assault fractured Newson's jaw, and Newson did not receive medical treatment for three months following the assault. (*Id*. at 11).

- In early June 2022, he improperly was identified as a gang member and was profiled as a result. (*Id*. at 13).

- In August 2022, he became aware that Director Fairbanks and Steward Wagner refused to process his work credits. (*Id*.).

- On October 10, 2022, Steward Wagner fired Newson from his job in the kitchen. (*Id*. at 15-17). Nelson then provides greater (and even more unbelievable) detail regarding the incidents that allegedly took place in January 2023 that already are part of this lawsuit. (*Id*. at 17-21).

- In February 2023, an unnamed correctional officer permitted an inmate to enter the housing unit, and the inmate assaulted Newson, apparently at the direction of various individuals. (*Id*. at 23).

4

## II. LAW AND ARGUMENT

A. **Newson Did Not Properly Request Leave to Amend.**

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading or service of a motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a)(1); *Southall v. USF Holland, LLC*, 2020 WL 12948058, at *1 (M.D. Tenn. Apr. 10, 2020). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Southall*, 2020 WL 12948058, at *1; FED. R. CIV. P. 15(a)(2). When a party does not comply with the clear requirements of Rule 15, the court may refuse the amendment. *See Honeyman v. Evers*, 2017 WL 405938, at *1 (E.D. Mich. Jan. 31, 2017) (noting that an objection to an amended complaint is the proper avenue through which to object to the entirety of the amended complaint).

Newson originally filed this lawsuit on or about January 15, 2023. (Docket Entry 1 at 7). He subsequently filed an Amended Complaint on or about February 14, 2023. (Docket Entry 5 at 5). Then, Newson submitted his "Amended Complaint Amended Relief" and his Third Amended Complaint on or about June 21, 2023. (Docket Entries 31 at 8 and 32 at 29). In so doing, Newson did not comply with the requirements of Federal Rule of Civil Procedure 15. He did not seek consent from the parties or permission from the Court in advance of filing. (*Id.*). Therefore, the Court should disallow Newson's "Amended Complaint Amended Relief" and Third Amended Complaint as improperly filed under Rule 15. Alternatively, the Court should strike Newson's "Amended Complaint Amended Relief" and Third Amended Complaint from the record. *See Appleton v. Miracle Chrysler Plymouth Dodge, Inc.*, 2016 WL 11777846, at *1 (M.D. Tenn. June 7, 2016) (noting that the court granted a motion to strike because the plaintiff filed an amended

complaint without filing a motion to amend). Indeed, Rule 12(f) permits a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

### B. Several of Newson's Proposed Amendments Are Futile.

Through his "Amended Complaint Amended Relief" and Third Amended Complaint, Newson does not appear to assert additional claims against Spencer. Rather, it appears that Newson simply seeks to add additional detail regarding his claimed interactions with Spencer in January 2023. (Docket Entry 32 at 17-21). As a result, Spencer acknowledges that he lacks standing to dispute certain of the amendments that Newson seeks to make that add new claims against new parties, yet respectfully notes that certain of those amendments are futile. Indeed, Newson's claims that date back to 2021 are barred by the applicable one-year statute of limitations. *See* TENN. CODE ANN. 28-3-104(a)(3) (providing for a one-year statute of limitations for personal injury actions); *Eidson v. State of Tennessee*, 510 F.3d 631, 634-35 (6th Cir. 2007) (noting that federal courts must apply the forum state's statute of limitations applicable to personal injury actions to claims arising under 42 U.S.C. § 1983). Newson's supervisory liability claims against supervisory personnel cannot stand because "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Newson's claims against CoreCivic regarding the conduct of CoreCivic employees cannot stand because CoreCivic cannot be held liable under Section 1983 on a *respondeat-superior* theory of liability. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012). And, Newson's claims regarding threats lodged against him cannot stand because he did not suffer a physical injury that is more than *de minimis*. *Goforth v. Sumner County*, 2013 WL 1943020, at *2 (M.D. Tenn. May 9, 2013) (citing 42 U.S.C. § 1997e(e)); *see Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *Adams v. Rockafellow*, 66 Fed. Appx. 584,

586 (6th Cir. 2003). For these reasons, the Court should disallow Newson's "Amended Complaint Amended Relief" and Third Amended Complaint as futile.

## III. CONCLUSION

For these reasons, the Court should disallow Newson's Amended Complaints.

Respectfully submitted,

/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37201
(615) 780-6700
(615) 780-6799

*Counsel for Defendant Codey Spencer*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this July 12, 2023, on the following:

Devoris Antione Newson (#9546176)
El Paso County Sheriff's Department
601 East Overland Street
El Paso, Texas 79901

/s/ Erin Palmer Polly