RECEIVED
JUL 26 2023
U.S. District Court
Middle District of TN

U.S.D.C. Middle Dist. of Nashville T.N.
D.A.N vs. Trinity et. al     pg. 1 of 5
7-14-23      case: 3:23-CV-0081

## Motion Objecting To Judge Barbara D. Holmes Recently Filed court order (7-7-23)

**Notice:** this Brief will not come with supporting documents except the actual court order, and the reason why is because Magistrate Judge Holmes Refused to enter an order for the preliminary Injunction Request filed in early May 2023, in which I requested access to courts, in which including being able to make copy's of documentation so that I could attain a proper record when a document is filed, thus I am indigent an the Motion for counsel on the preliminary Injunction cannot be attached in support due to Judge Barbara's refusal to provide me stamp-filed copies knowing full well I cannot make copies while Incarcerated Under Sheriff Richard Wiles, Thus I cannot even prepare proper Briefs, let alone serve all party's while incarcerated near the Border of Mexico, Yet Judge Barbara doesn't see any exceptional circumstance Requiring the appointment of counsel? Nevertheless with the limited Resources I have, I will smite Judge Barbara's court order with several reprimands from court authority's.

### Brief

**Statement of Facts:** Plaintiff Initiated suit against state officials on 1-27-23, On 4-3-23 in an attempt to dismantle the lawsuit several state officials conspired with El paso County Sheriff Wiles to have the petitioner extradited to El Paso T.X. without due process of law, in which did occur.

* On 5-10-23 due to denial of access to courts, inadequate medical care to treat the brain Injuries sustained from the

Threat against the Plaintiff's life from Sheriff Richard Wiles who conspired to have him murdered in 2019 in Jackson T.N. due to his failure to make a drop for him in Memphis T.N. consisting of drugs, weapons, and cash... Plaintiff filed a request for a pre-liminary Injunction Emphasizing not only the imminent danger on his life, health, but his limited resources preventing him from being able to properly prepare his case, The system going so far as to deny access to make copies of legal work in order to properly file an retrieve the paperwork for records, in order to support future motions such as Briefs such as this...

* On 6-22-23 after the continuous denial of access to courts an proper medical care, The plaintiff Being too far away from the state of Tenn. to investigate or to proper litigant the case filed a Superb motion for appointment of counsel, asserts denial of access to courts, my reasonable attempts to obtain counsel without success, the complexity of the case an my competency to litigate it myself due to health issues, my inability to identify, collect, an present the right type of evidence for my claims, an my transfer across several states making it almost impossible to prepare my case, The need for expert testimony, an the need to investigate the matter yet, my inability to do that, due to my unlawful incarceration in El Paso Tx., approximately 2,000 miles away from T.N.

* On 6-22-23 plaintiff request filed stamp copies of my motions in order to properly support Briefs such as this an due to denial of access of courts. In which Judge Barbara in her court order denies me this right yet in the same

to file a brief using supporting documents

* On 7-7-23 Judge Barbara Holmes enters a order denying plaintiff stamp file copy's an denying plaintiff appointment of counsel, the courts basis for denial Being simply that the courts found no basis for appointment of counsel, giving me 14 days to file an objection to the court order.

## Arguement/memoradum of law/citation of authority in support of objection

I reason at this time and conclude that the district court reversibly erred when it denied my motion for counsel without addressing any of the reasons an claims asserted by plaintiff for appointing counsel, as the attached order reflects that the judge does mention the fact that the plaintiff asserts several reasons, yet she strategically fails to mention what those reasons are, let me now state why that is done, an it is because every reason that I gave is supported by citations of authority establishing exceptional circumstances for the appointment of counsel...

It is clear from the order that the district judge did not explain sufficiently her decision to deny counsel, failed to give sufficient attention to relevant factors, at least in her writing decision.

Courts "District" are placed in the unenviable position of Identifying, among a sea of people lacking counsel, those who need counsel the most" Olsen, 750 F.3d at 711. For that reason, we accord great deference to the District Courts decision whether to recruit counsel Santiago, 599 F.3d at 765. But a "methodological lapse" cannot

not do so in this case.

At the time I brought this motion for appointment of counsel all circumstances warranted particular consideration (Judicial) were before the court. Even if my "combination of circumstances" did not warrant the recruitment of counsel, the dist. court still should have addressed those factors that bore specifically on my ability to litigant this case, given the inadequate resources, my location, an the complexities Santiago, 599 F.3d at 765; James, 889 F.3d 330

The district courts denial of my motion for stamp filed copies of motions filed, an appointment of counsel, has led me to file an inadequate brief without supporting documents, which most likely will result in dismissal of the motion, which will result in obvious prejudice, leading me to face discovery an the high likelihood of summary judgment briefing without the assistance of counsel

"We only reverse a district court's abuse of discretion in denying recruitment of counsel if the plaintiff is prejudiced by the error. McCaa v Hamilton, 893 F.3d 1027 In analyzing whether a district court abused its discretion, we recognize that a Judge "cannot know with certainty whether the plaintiff will actually to be competent to litigate his own case" and limit our review "to the record at the time the decision is made." Pruitt, 503 F.3d at 656. But the litigants actual performance is relevant to our prejudice analysis See id. at 659-60 (explaining that prejudice might exist "if the record demonstrates that the pro-se plaintiff was incapable

witnesses or evidence"). To establish prejudice, plaintiffs need only demonstrate "there is a reasonable likelihood that the presence of counsel would have made a difference in the outcome of the litigation" Id. at 659
I assert the district courts error warrants reversal in this case because my actual performance shows that I am prejudiced by the denial of my motion to recruit counsel. My Brief cannot be presented at this time with proper evidence or documentation thus making it inadequate. Subject to dismissal

They also refused or failed to address arguments made concerning appointment of counsel, an more then anything, the courts failed to consider the 4 factors that should be considered in deciding whether a civil rights case is an exceptional case requiring the appointment of counsel: which is (1) the type and complexity of the case (2) whether the indigent is capable of adequately presenting his case (3) whether the indigent is in a position to investigate the case adequately and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination Id. (citing Ulmer v Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (Ulmer Factors)

The courts also failed to consider whether appointed counsel would aid in the efficient and equitable disposition of the case

Thus I move the court at this time to vacate the order denying me counsel

Certificate of Service
This was filed By U.S. Mail This 16th day of July 2023
Sig: /s/ _____ 954676
DEWERS NEWSON
E.P.J.A. (323)
12501 Montana Ave
El Paso T.X

* 5pg Motion
* Attached Court order

DEVORIS ANTOINE NEWSON )
)
v. ) NO. 3:23-cv-00081
)
TRINITY SERVICES GROUP, INC., et al. )

**O R D E R**

For the reasons set out below, Plaintiff's motion (Docket Entry No. 30) to be provided with file stamped copies of his filings and Plaintiff's motion (Docket Entry No. 29) for the appointment of counsel are DENIED.

The fact that Plaintiff has been granted *in forma pauperis* status does not entitle him to receive from the Court free, file stamped copies of his filings or free copies of any other filings made in this case. If he desires copies of filings, he must make arrangements to pay for copies through the Clerk's Office. The Clerk is directed to include a copy of the docket sheet along with the copy of this Order that is sent to Plaintiff.

The Court finds no basis upon which to appoint counsel to Plaintiff. The appointment of counsel in a civil case is not a constitutional right and there is no duty to appoint counsel to represent a plaintiff in a civil action. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Willit v. Wells*, 469 F.Supp. 748, 751 (E.D. Tenn. 1977). Furthermore, Plaintiff is not entitled to the appointment of counsel merely because he filed a lawsuit while being held in custody, because he seeks the vindication of civil rights, or because he may not have funds to afford counsel. Although the Court has discretion in deciding whether to appoint counsel in civil cases, it is well settled that appointment should be allowed only in exceptional cases. *Lanier, supra*; *Lavado v. Keohane*, 992 F.2d 601, 604–06 (6th Cir. 1993). While the Court acknowledges that Plaintiff has

set out reasons why he believes that it will be difficult for him to litigate his case as a *pro se* prison inmate, he has not set out circumstances that render his case an exceptional case that requires the appointment of counsel. If further proceedings suggest that the appointment of counsel is appropriate, the Court will address the issue *sua sponte* and may reconsider the matter.

Also before the Court is Plaintiff's response (Docket Entry No. 28) to the answer filed by Defendant Cody Spencer. Rule 7(a)(7) of the Federal Rules of Civil Procedure permits the filing of a reply/response to an answer only if the Court orders that such a reply/response be filed. The Court did not enter an order requiring a reply/response and sees no reason for a reply/response to Defendant Spencer's answer to be filed. Accordingly, the reply/response shall have no legal purpose, meaning, or import in this action. If Defendant Spencer later files a motion to dismiss the case or any claims, Plaintiff will have the opportunity to challenge the arguments for dismissal that are raised in the motion.

Finally, in a "Notice" filed by Plaintiff, *see* Docket Entry No. 27, he asserts that he sent to the Clerk 20 amended complaints and service of process forms for 19 Defendants but that the Clerk returned them to him with a letter stating "we only need the original complaint and submit the summons again (corrected)." *Id.* at 2.

By Order entered May 24, 2023 (Docket Entry No. 26), Plaintiff was advised that the Court, after initial review, had limited the claims in this case to (1) a claim of racial discrimination against Steward Wagner based on Wagner allegedly firing Plaintiff from his kitchen job at TTCC and (2) claims of retaliation against Officer Spence and Captain Smith based on their alleged actions following the alleged assault of Plaintiff at TTCC on January 11, 2023, and that all other defendants, claims, and requests for relief were dismissed. Plaintiff was given until June 23, 2023, to return completed service packets for the Defendants. Because the

2

Court has not approved the two amended complaints (Docket Entry Nos. 31 and 32) that were recently filed by Plaintiff (and that were filed after his letter), there is no reason for Plaintiff to send to the Clerk service packets for nineteen defendants.[1]

Any party objecting to this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The objections/motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the objections/motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

So ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

---

[1] In an order to be entered separately, the Court will address Plaintiff's two amended complaints.

3



Deavrty, Mauricio #954676<br>
E.R.J.C.R. (333)<br>
12501 Montana Ave.<br>
El Paso, Tex, 79938

7-14-23

RECEIVED<br>
JUL 26 2023<br>
U.S. District Court<br>
Middle District of TN

Clerk U.S. District Court<br>
U.S. Courthouse, Room 800<br>
Nashville, T.N. 37203

EL PASO TX 799<br>
RIO GRANDE DISTRICT<br>
18 JUL 2023 PM 2 L

GENERAL INMATE CORRESPONDENCE<br>
EL PASO COUNTY<br>
JAIL ANNEX

37203-999555