U.S.D.C.
Middle District of T.N.
Nashville Division
Civil #3:23-CV-00081
D.R.W. V. Trinity Services Group Et. Al.

RECEIVED
JUL 27 2023
U.S. District Court
Middle District of TN

Response to Erin Palmer Polly's
Overrule objection

* Attorney Polly's arguement (A) in support under Fed.R. of Civil P. 15(A)(1) is frivolous, plaintiffs II amended complaint was filed before any party was served on 6-28-23

* Thus according to this same rule, I may amend my pleading once as a matter of course within 21 days of serving it which I have done, you an all party's were properly served on 6-28-23 my complaint was amended within that 21 day time frame, see Rule 12(B),(E), or (f). Fed. R. Civ. P. 15(a)(1); South Hall v. USF Holland, LLC, 2020 WL 12948058, at 1 (M.D. Tenn. Apr. 10, 2020)

* I did not have to seek you the party's consent, there original Response to my original complaint was filed on 5-22-23 pg.2. Attorney Polly asserts Spence was not served nor could I prove that he had been served in order to establish grounds for default Judgement, For attorney Polly to attempt to insinuate now that he was somehow served prior to this would be "extremely unbelievable" as well as establishing the presumption that attorney Polly has "unclean hands"

* The fact that I filed complaints on the 15th of Jan. 2023 and Feb. 14, 2023 is irrelevant, party's were not served until 6-28-23 why the courts chose not to serve you the III amended complaint is there perogative. It was filed within the 21 day rule, thus Attorney Polly is out of bounds, yet crossing the bar in an attempt to strike Foul Blows.

* Part B. of Attorney Polly's arguement shows he is extremely Delusional, he in error asserts the new complaint does not assert new claims against Spence, when clearly on pg 14 of the III complaint Spence is accused of Failure to protect claim based on deliberate Indifference towards Plaintiff, Individualized Risk, pursuant to 42 U.S.C. 1983, Hes then accused of the samething Toward Prisoners under count VIII along with the original Retaliation claim count VIII, Polly then states it appears

that I assert no additional claim is complete "asinine" Line 201 through 206 clearly states Scott Spencer came into pod while the attack was occurring, Keeps walking and refuses to get involved, which is why he is now being accused of deliberate indifference of my safety and the safety of prisoners as well. This is not futile

* Attorney Polly in error again asserts falsely my claims date back to 2021, which they do not, Lines 4 an 5 of the III complaint clearly unequivocally, unambiguously, states Plaintiff's claims for this suit will focus on Events from October 2022 on up. (see Line 4)

* On Line 5 clearly states that in order to give all party's including the "Public" an overall overview of how all party's are involved I'll start from the beginning, all claims before Oct. 2022 simply give the courts an understanding of why the Gov of T.N., T.D.O.C. Commissioner and Assist Tdx Commissioner, as well as Core.Civic an Ron Himmiger are ultimately involved an being held accountable, and responsible, due to them being aware an failing to take action to prevent ultimately what occurred to me the plaintiff, this was needed in order the Judge Eli Richardson could understand why all party's are being sued.

* I felt it was needed of me to be very specific, leaving no room for misunderstandings
"Prison officials have a duty to protect prisoners from violence suffered at the hands of other prisoners" Bellis v Corr. Corp. of Am., 257 F.3d 508, 512 (6th Cir. 2001)

* Attorney Polly challenges the credibility of my claims in error this is not a trial an the Judge is not the Jury "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. Haines v. Kermer, 404 U.S. 519 spec. 92 S.Ct. 594

\* Attorney Polly seems to take or make several attacks including frivolous allegations or assertions- claiming in error core civic cannot be held liable", I do not collaterally attack Core Civic under some theory of respondent-superior theory of liability, going back to outdated citations in 1978. I attack core civic alleging (1) an official policy or custom of Core Civic; (2) which caused a violation of my Federal Rights; and (3) which "was enacted or maintained with deliberate indifference to an almost inevitable" federal rights violation. See Schneider v City of Grand Junction Police Dep't, 717 F.3d 760 (10th Cir. 2013)

\* As far as those threats were acted on in which I suffered Physical or mental damage, there is indisputable Camera footage that will leave no doubt in any jury's mind.

An I would urge Spence's attorney to except my extremely reasonable pre-trial settlement, in the interest of your client, I see no need to destroy this man's career, only that he learn his lesson however a valueable lesson.

/s/
12801 Montana Ave.
El Paso TX 79938

Dennis L. Prevo
EPTA 8889
1200 Montana Ave
El Paso, TX 79925

FEDERAL INMATE CORRESPONDENCE
EL PASO COUNTY
JAIL ANNEX

EL PASO TX 799
RIO GRANDE DISTRICT

Clerk, U.S. Dist. Ct.
U.S. Courthouse, Room 800
Nashville, TN 37203

RECEIVED
JUL 27 2023
U.S. District Court
Middle District of TN

