IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

DEVORIS A. NEWSON )
)
v. ) NO. 3:23-cv-00081
)
TRINITY SERVICES GROUP, INC., et al. )

**TO:** Honorable Eli J. Richardson, United States District Judge

# REPORT AND RECOMMENDATION

This *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum Opinion and Order entered April 21, 2023 (Docket Entry Nos. 15 and 16).

Pending before the Court is Plaintiff's motion (Docket Entry No. 19) for a preliminary injunction. For the reasons set out below, the undersigned respectfully recommends that the motion be denied.

## I. BACKGROUND

Devoris A. Newson, (APlaintiff), filed this lawsuit *pro se* and *in forma pauperis* on January 27, 2023, while an inmate of the Tennessee Department of Correction (ATDOC) confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee.[1] Plaintiff brought claims against numerous defendants based on allegations that his constitutional rights were violated at the TTCC.

---

[1] Subsequent to filing his lawsuit, Plaintiff filed two change of address notices indicating that he was in the custody of a state sheriff's department in El Paso, Texas. *See* Docket Entry Nos.12 and 37. However, the docket reflects that the most recent court mail sent to him at his address of record was returned on August 29, 2023, as undeliverable. *See* Docket Entry No. 46.

Upon initial review of Plaintiff's pleadings under 28 U.S.C. " 1915(e)(2)(B) and 1915A, the Court dismissed several claims and defendants from the lawsuit but found that Plaintiff stated two colorable constitutional claims: (1) a claim of racial discrimination against Food Steward f/n/u Wagner based on Wagner allegedly firing Plaintiff from his kitchen job at TTCC and (2) claims of retaliation against Officer Codey Spencer and Captain Cameron Smith. *See* Order (Docket Entry No. 16) at 2. Only Defendant Spencer has responded to the complaint, *see* Answer (Docket Entry No. 24), and it appears from the docket that the other two defendants have not been served with process.

In his motion for a preliminary injunction, Plaintiff complains about a multitude of events that have allegedly occurred at the Texas facility where he was confined at the time he filed his motion and requests an injunctive order against the sheriff overseeing that facility. *See* Docket Entry No. 19.

## II. ANALYSIS

Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders. Pre-trial injunctive relief is considered a preventive, prohibitory, or protective measure taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and is extraordinary relief. *Detroit Newspaper Publishers Assn v. Detroit Typographical Union No. 18, Intl Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances Aclearly demand such injunctive relief. *Overstreet v. LexingtonBFayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff's motion for preliminary injunctive relief should be denied. First, the relief requested by him is directed at individuals who are not parties to this action. Injunctive relief generally cannot be directed at individuals who are not defendants in a case. *See In re N.A.A.C.P.*, 849 F.2d 1473 (Table), 1988 WL 61504 at *3 (6th Cir. June 13, 1988) (noting that a court's decree is generally only binding on parties). Second, the events about which Plaintiff complains in his motion are factually unrelated to the actual claims in this case. A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010). Such a link is missing here. Finally, the returned mail indicates that Plaintiff is no longer confined at the Texas facility, and his motion is thus moot. *Id*. at 289.

## R E C O M M E N D A T I O N

For the reasons stated, it is respectfully RECOMMENDED that Plaintiff's motion (Docket Entry No. 19) for a preliminary injunction be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections

3

Case 3:23-cv-00081   Document 47   Filed 09/22/23   Page 3 of 4 PageID #: 250

must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge