IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEVORIS A. NEWSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRINITY SERVICES GROUP, INC., et ) <br> al., ) <br> ) <br> Defendants. ) | NO. 3:23-cv-00081 <br><br> JUDGE RICHARDSON |

**ORDER**

Pending before the Court is a Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 47), recommending that Plaintiff's motion for a preliminary injunction (Doc. No. 19, "Motion") be denied. No objections to the R&R have been filed, and the time for filing objections has now expired.[1]

---

[1] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro-se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail.

As the R&R points out, subsequent to filing his lawsuit, Plaintiff filed two change-of-address notices indicating that he was in the custody of a sheriff's department in El Paso, Texas. (Doc. Nos. 12, 37). The second such notice changed the address to a different address in El Paso based on his having been "transferred" in the meantime. (Doc. No. 37 at 1). However, the docket reflects that the most recent court mail sent to him at his address of record (specifically, the El Paso address provided by Plaintiff in Doc. No. 37) was returned on August 29, 2023, as undeliverable. *See* Doc. No. 46. While the Court appreciates the possibility Plaintiff did not receive the R&R due to an unreported change of address, "[i]f Plaintiff's address changed, [he] had an affirmative duty to supply the court with notice of any and all changes in [his] address." *Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994). Moreover, "Plaintiff has amply demonstrated his awareness of this fact and ability to comply, as evidenced by the [two] prior occasions on which Plaintiff has given notice regarding a new address." *Surgenor v. Moore*, No. 1:16-CV-1179, 2019 WL 1227941, at *1, n. 1 (S.D. Ohio Mar. 15, 2019). Accordingly, the Court is unwilling to take additional measures to notify Plaintiff that the R&R has been filed or to give Plaintiff the opportunity to file objections beyond the 17 days already afforded to him.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Nonetheless, the Court has reviewed the R&R and the file. The R&R is adopted and approved. Accordingly, Plaintiff's Motion (Doc. No. 19) is DENIED.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE