IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

DEVORIS A. NEWSON            )
                             )
    v.                       )   NO. 3:23-cv-00081
                             )
TRINITY SERVICES GROUP, INC. *et al.*  )

**TO:**   Honorable Eli J. Richardson, United States District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

This *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum Opinion and Order entered April 21, 2023 (Docket Entry Nos. 15 and 16).

Pending before the Court is the motion to dismiss under Federal Rule of Civil Procedure 41(b) filed by Defendant Codey Spencer (Docket Entry No. 48). Plaintiff has not responded to the motion. For the reasons set out below, the undersigned respectfully **RECOMMENDS** that the motion be granted and that this action be dismissed in its entirety.

## I. BACKGROUND

Devoris A. Newson, (APlaintiff"), filed this lawsuit *pro se* and *in forma pauperis* on January 27, 2023, while an inmate of the Tennessee Department of Correction (ATDOC@) confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee. Although Plaintiff brought several claims against numerous defendants based on allegations that his constitutional rights were violated at the TTCC, the Court dismissed the majority of the claims and defendants after conducting an initial review of the lawsuit under 28 U.S.C. " 1915(e)(2)(B) and 1915A. *See* Order (Docket Entry No. 16) at 2. The lawsuit was permitted to

proceed on two colorable constitutional claims: (1) a claim of racial discrimination against Food Steward f/n/u Wagner based on Wagner allegedly firing Plaintiff from his kitchen job at TTCC and (2) claims of retaliation against Officer Codey Spencer and Captain Cameron Smith. *Id*. Only Defendant Spencer has responded to the complaint, *see* Answer (Docket Entry No. 24), and the other two Defendants have not been served with process.

After filing his lawsuit, Plaintiff filed two change of address notices indicating that he was in the custody of a state sheriff's department in El Paso, Texas. *See* Docket Entry Nos. 12 and 37. Plaintiff remained involved in the lawsuit for some period of time while in Texas, filing motions, letters, and amendments to his complaint, but Court mail sent to him at his address of record was returned on August 29, 2023, as undeliverable. *See* Docket Entry No. 46. Since August 2023, Plaintiff has been absent from the lawsuit, failing to respond to a Report and Recommendation (Docket Entry No. 47) or the current motion to dismiss, and failing to file a new change of address notice.

Defendant Spencer filed the pending motion to dismiss the lawsuit on October 11, 2023, asserting that Plaintiff cannot be located at either of the two custodial addresses in Texas that he provided and that his current whereabouts are unknown. Spencer further asserts that he has been unable to locate Plaintiff and unable to contact him about discovery due to his unknown location. Spencer argues that Plaintiff was warned by the Court of his obligation to keep the Court informed of his new mailing address, *see* April 21, 2023, Order at 3, and that his failure to do so both violates the directive of the Court and prejudices his (Spencer's) ability to defend himself against the claims in the lawsuit. Spencer further contends that Plaintiff's conduct warrants the dismissal of this lawsuit under Rule 41(b) for failure to prosecute.

2

By Order entered October 12, 2023 (Docket Entry No. 51), the Court gave Plaintiff a deadline of November 17, 2023, to file a response to the motion. Plaintiff was specifically warned that the failure to file a response could result in the motion to dismiss being granted. No response to the motion has been filed by Plaintiff.

While the docket does not reflect that the copy of the October 12, 2023, Order mailed to Plaintiff was returned to the Court as undeliverable, a copy of an Order entered October 11, 2023 (Docket Entry No. 50), that denied Plaintiff's motion for a preliminary injunction was returned as undeliverable. *See* Docket Entry No. 53.

## II. LEGAL STANDARDS AND ANALYSIS

After review of the docket, the Court finds that dismissal of the lawsuit is warranted because of Plaintiff's failure to comply with the Court's order to keep the Clerk informed of his current address and his failure to prosecute the case.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it." Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Additionally, Rule 16(f)(1) provides that on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling or other pretrial order. One of the sanctions are set forth in Rule 37(b)(2) includes the sanction of Adismissing the action or proceeding in whole or in part. Rule 37(b)(2)(A)(v). Finally, it is well settled that federal trial courts have the inherent power to

manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626 (1961). The imposition of sanctions and the type of sanctions imposed by the Court for failure to comply with the Court's orders and for failure to prosecute a case are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

The circumstances of this case warrant its dismissal. Plaintiff was specifically cautioned by the Court to inform the Clerk of any change of address, but he has failed to comply with this directive. As indicated by the return of Court mail sent to Plaintiff, the Court does not have a good mailing address for Plaintiff. As a result, neither the Court, nor counsel for Defendant, can communicate with Plaintiff. The case cannot proceed with an absent plaintiff.

Contrary to Defendant Spencer's suggestion that the case be dismissed without prejudice, the Court finds that dismissal of the case with prejudice is appropriate in light of the impasse in further proceedings caused by Plaintiff's failure to prosecute, his apparent disinterest in the action, and the fact that his current whereabouts are unknown. The Court has expended valuable, already-limited resources managing this case to this point only to have Plaintiff apparently lose interest in pursuing the lawsuit. Neither the Court nor Defendants should be required to expend any further resources if Plaintiff suddenly reappears and desires to re-start his case. A sanction lesser than dismissal is not warranted. While the Court recognizes Plaintiff's status as a *pro se* litigant affords him with some measure of leeway, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties, such as keeping the Court informed of a good mailing address and remaining involved in the case.

## III. RECOMMENDATION

Based on the forgoing, it is respectfully **RECOMMENDED** that Defendant Codey Spencer's motion to dismiss (Docket Entry No. 48) be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE** in its entirety.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

    BARBARA D. HOLMES
    United States Magistrate Judge