Devonn Pearson
vs
TRINITY Food et. Al

The USDC court Nashville TN.
Original objection should be dated 2-16-24   case: 3:23 cv 00081
                                    Omnibus Motion   Pg 1 of 3   2-19-24

RECEIVED
MAR 01 2024
U.S. District Court
Middle District of TN

2nd Additional Objection To Spencers Motion
Challenge to Judges ORDER To Dismiss with prejudice

1. Plaintiff never Recieved Spencers Motion to dismiss even though it wasn't returned, nor was I made aware until now of your order to dismiss with prejudice. 2. The defendant Sheriff Richard wiles Is striking foul Blows interfering with the administration of Justice, has me in a psycho ward denying all access to courts an tools as you see clearly I'm using the Judges Notice to respond, 3. C.P.S.C Refuses to give me the last six months Mail Records to Prove they recieved your Motion to respond to spencers motion in october yet failed to give it to me to respond. 4. The suit was amended in July 2023 all Party's were served by the U.S. Marshals over 20 party's an all party's are in default except Cody Spencer. 5. Cody Spencer can only request he be dismissed off the case, he cannot speak for over 20 defendants. 6. The fact The Judges failed to mention this in the order, to dismiss with prejudice in which she volunteered to do without request, being under double oath of office, clearly implies she is biased an or racists an has clear intentions of violating her oaths of office an my constitutional Rights to Due process of law 5th an clearly advocates that Black Prisoners should not be protected from irrepairable harm. 7. I am very interested in the litigation of this matter an had I been aware of Defendants flow blows I would have made Notice Now an Before. Even when plaintiff attempt to notify Judge before the order 20 days ago of the deprivations by party's in the suit, Law Enforcement physically stopped me literally. 8. Cody spencer has not tried to get In' touch with me for I made contact several times with his attorney's offered him a simple $10,000 settlement to be dismissed off the suit his attorney's have not told him an I'm sure he's paid them alot more money. 9. Spencer cannot legally request the dismissal of this entire case for every party also is in default he is 1 out of 20 party's an no one has chose to argue against any allegation or claim against them under acquiescence of silence they are guilty. 12. I have no way being denied access to courts concerning this matter to make proper inquire attach evidence, investigate or make legal arguements because your defendant sheriff wiles has chosen to subject me to subterfuge an notorious acts an is bold enough to play with Federal Mail, even now I did not sign for this nor did I recieve the envelope, they just handed it to me. After taking an trashing all records including the lawsuit itself six months ago leaving me with nothing but my mind as law. 10. I have asserted 7th amendment Jury Demand in which (mine) is equitable an monetary relief requested which mandates a Jury Trial, I've demanded activation of Art III Jurisdiction in which the Judge Barbara has Altogether Ignored along with a total Oath. Thus Judge Barbara is either incompetent suffering from a mental breakdown, bias or just plain racists Mandating I request she be Recused below. I cannot make any citations or quote case law I'm in a psychotic ward with due process or Just cause, in retaliation for speaking out about this case, with no access to courts.

## Motion to Recuse                                    2-19-24

Judge Barbara has violated my constitutional rights on several occassions an has violated her oaths of office boldly numerous times, she continues to mistate facts of the case Practises law from the Bench Intentionally has conspired to deny me a fair trial is acting in a commercial compactly Ignoring Art III Jury trial common law demand, an is volunteering to dismiss a case with prejudice while over 20 party's are in default an have not responded not contested Petitioners allegations what so ever, Judge Barbara's Actions Imply the appearance of In-competence, Bias, malice an racism, Look at her order first filed she ignores the fact this case was amended 6 times over 20 defendants are in default having never responded after being served by U.S. Marshals. And has volunteered to dismiss this case with prejudice without any motion made by party's whatsoever, an is aware I'm unlawfully In a psyco ward unlawfully denied all access to courts an all evidence an material concerning this matter has been destroyed she is aware. It seems she has entered a conspiracy or has been paid by defendants to sabotage this case in retaliation. I request she be recussed off of this case immediately.

(The previous Original Objection should Be Dated 2-16-24 not 14-1-24
                                                            Devon'k N.

## III. RECOMMENDATION

Based on the forgoing, it is respectfully **RECOMMENDED** that Defendant Codey Spencer's motion to dismiss (Docket Entry No. 48) be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE** in its entirety.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

5

Case 3:23-cv-00081   Document 54   Filed 02/13/24   Page 5 of 5 PageID #: 276
Case 3:23-cv-00081   Document 57   Filed 03/01/24   Page 2 of 8 PageID #: 283

G to 900 mail Delivery No sig no stamp
Given by Hand Not signed
for on 2-19-24

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DEVORIS A. NEWSON | ) |
| | ) |
| v. | ) NO. 3:23-cv-00081 |
| | ) |
| TRINITY SERVICES GROUP, INC. *et al.* | ) |

TO: Honorable Eli J. Richardson, United States District Judge

# REPORT AND RECOMMENDATION

This *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum Opinion and Order entered April 21, 2023 (Docket Entry Nos. 15 and 16).

Pending before the Court is the motion to dismiss under Federal Rule of Civil Procedure 41(b) filed by Defendant Codey Spencer (Docket Entry No. 48). Plaintiff has not responded to the motion. For the reasons set out below, the undersigned respectfully **RECOMMENDS** that the motion be granted and that this action be dismissed in its entirety.

## I. BACKGROUND

Devoris A. Newson, (APlaintiff"), filed this lawsuit *pro se* and *in forma pauperis* on January 27, 2023, while an inmate of the Tennessee Department of Correction (ATDOC@) confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee. Although Plaintiff brought several claims against numerous defendants based on allegations that his constitutional rights were violated at the TTCC, the Court dismissed the majority of the claims and defendants after conducting an initial review of the lawsuit under 28 U.S.C. " 1915(e)(2)(B) and 1915A. *See* Order (Docket Entry No. 16) at 2. The lawsuit was permitted to

proceed on two colorable constitutional claims: (1) a claim of racial discrimination against Food Steward f/n/u Wagner based on Wagner allegedly firing Plaintiff from his kitchen job at TTCC and (2) claims of retaliation against Officer Codey Spencer and Captain Cameron Smith. *Id.* Only Defendant Spencer has responded to the complaint, *see* Answer (Docket Entry No. 24), and the other two Defendants have not been served with process.

After filing his lawsuit, Plaintiff filed two change of address notices indicating that he was in the custody of a state sheriff's department in El Paso, Texas. *See* Docket Entry Nos. 12 and 37. Plaintiff remained involved in the lawsuit for some period of time while in Texas, filing motions, letters, and amendments to his complaint, but Court mail sent to him at his address of record was returned on August 29, 2023, as undeliverable. *See* Docket Entry No. 46. Since August 2023, Plaintiff has been absent from the lawsuit, failing to respond to a Report and Recommendation (Docket Entry No. 47) or the current motion to dismiss, and failing to file a new change of address notice.

Defendant Spencer filed the pending motion to dismiss the lawsuit on October 11, 2023, asserting that Plaintiff cannot be located at either of the two custodial addresses in Texas that he provided and that his current whereabouts are unknown. Spencer further asserts that he has been unable to locate Plaintiff and unable to contact him about discovery due to his unknown location. Spencer argues that Plaintiff was warned by the Court of his obligation to keep the Court informed of his new mailing address, *see* April 21, 2023, Order at 3, and that his failure to do so both violates the directive of the Court and prejudices his (Spencer's) ability to defend himself against the claims in the lawsuit. Spencer further contends that Plaintiff's conduct warrants the dismissal of this lawsuit under Rule 41(b) for failure to prosecute.

2

By Order entered October 12, 2023 (Docket Entry No. 51), the Court gave Plaintiff a deadline of November 17, 2023, to file a response to the motion. Plaintiff was specifically warned that the failure to file a response could result in the motion to dismiss being granted. No response to the motion has been filed by Plaintiff.

While the docket does not reflect that the copy of the October 12, 2023, Order mailed to Plaintiff was returned to the Court as undeliverable, a copy of an Order entered October 11, 2023 (Docket Entry No. 50), that denied Plaintiff's motion for a preliminary injunction was returned as undeliverable. *See* Docket Entry No. 53.

## II. LEGAL STANDARDS AND ANALYSIS

After review of the docket, the Court finds that dismissal of the lawsuit is warranted because of Plaintiff's failure to comply with the Court's order to keep the Clerk informed of his current address and his failure to prosecute the case.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it." Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Additionally, Rule 16(f)(1) provides that on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling or other pretrial order. One of the sanctions are set forth in Rule 37(b)(2) includes the sanction of Adismissing the action or proceeding in whole or in part. Rule 37(b)(2)(A)(v). Finally, it is well settled that federal trial courts have the inherent power to

3

Case 3:23-cv-00081    Document 54    Filed 02/13/24    Page 3 of 5 PageID #: 274
Case 3:23-cv-00081    Document 57    Filed 03/01/24    Page 5 of 8 PageID #: 286

manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626 (1961). The imposition of sanctions and the type of sanctions imposed by the Court for failure to comply with the Court's orders and for failure to prosecute a case are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

The circumstances of this case warrant its dismissal. Plaintiff was specifically cautioned by the Court to inform the Clerk of any change of address, but he has failed to comply with this directive. As indicated by the return of Court mail sent to Plaintiff, the Court does not have a good mailing address for Plaintiff. As a result, neither the Court, nor counsel for Defendant, can communicate with Plaintiff. The case cannot proceed with an absent plaintiff.

Contrary to Defendant Spencer's suggestion that the case be dismissed without prejudice, the Court finds that dismissal of the case with prejudice is appropriate in light of the impasse in further proceedings caused by Plaintiff's failure to prosecute, his apparent disinterest in the action, and the fact that his current whereabouts are unknown. The Court has expended valuable, already-limited resources managing this case to this point only to have Plaintiff apparently lose interest in pursuing the lawsuit. Neither the Court nor Defendants should be required to expend any further resources if Plaintiff suddenly reappears and desires to re-start his case. A sanction lesser than dismissal is not warranted. While the Court recognizes Plaintiff's status as a *pro se* litigant affords him with some measure of leeway, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties, such as keeping the Court informed of a good mailing address and remaining involved in the case.

4



