IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEVORIS A. NEWSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:23-cv-00081 ) ) JUDGE RICHARDSON |
| TRINITY SERVICES GROUP, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Pending before the Court[1] is a Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 54). In the R&R, the Magistrate Judge recommends that this Court grant the motion to dismiss (Doc. No. 48, "Motion") filed by Defendant Codey Spencer ("Defendant Spencer") and dismiss this action in its entirety, including with respect to the non-moving defendants Steward Wagner and Cameron Smith ("non-moving Defendants"). Subsequently, Plaintiff filed what appear to be (among other things) purported objections to the R&R (Doc. No. 57, "Objections").[2]

For the reasons stated herein, the Court overrules the Objections, adopts the findings and recommendations of the Magistrate Judge in the R&R, grants the Motion, and dismisses this action in its entirety.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Herein, "Objections" at times refers both to the document (Doc. No. 57) itself and to objections contained therein (i.e., the "objections" to the R&R contained within the "Objections").

BACKGROUND

Plaintiff does not dispute any of the facts as set forth by the Magistrate Judge in the R&R. As such, the Court adopts that factual background in its entirety and includes it here for reference.

> Devoris A. Newson, ("Plaintiff"), filed this lawsuit *pro se* and *in forma pauperis* on January 27, 2023, while an inmate of the Tennessee Department of Correction (ATDOC@) confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee. Although Plaintiff brought several claims against numerous defendants based on allegations that his constitutional rights were violated at the TTCC, the Court dismissed the majority of the claims and defendants after conducting an initial review of the lawsuit under 28 U.S.C. " 1915(e)(2)(B) and 1915A. *See* Order (Docket Entry No. 16) at 2. The lawsuit was permitted to proceed on two colorable constitutional claims: (1) a claim of racial discrimination against Food Steward f/n/u Wagner based on Wagner allegedly firing Plaintiff from his kitchen job at TTCC and (2) claims of retaliation against Officer Codey Spencer and Captain Cameron Smith. *Id.* Only Defendant Spencer has responded to the complaint, *see* Answer (Docket Entry No. 24), and the other two Defendants have not been served with process.
>
> After filing his lawsuit, Plaintiff filed two change of address notices indicating that he was in the custody of a state sheriff's department in El Paso, Texas. *See* Docket Entry Nos. 12 and 37. Plaintiff remained involved in the lawsuit for some period of time while in Texas, filing motions, letters, and amendments to his complaint, but Court mail sent to him at his address of record was returned on August 29, 2023, as undeliverable. *See* Docket Entry No. 46. Since August 2023, Plaintiff has been absent from the lawsuit, failing to respond to a Report and Recommendation (Docket Entry No. 47) or the current motion to dismiss, and failing to file a new change of address notice.
>
> Defendant Spencer filed the pending motion to dismiss the lawsuit on October 11, 2023, asserting that Plaintiff cannot be located at either of the two custodial addresses in Texas that he provided and that his current whereabouts are unknown. Spencer further asserts that he has been unable to locate Plaintiff and unable to contact him about discovery due to his unknown location. Spencer argues that Plaintiff was warned by the Court of his obligation to keep the Court informed of his new mailing address, *see* April 21, 2023, Order at 3, and that his failure to do so both violates the directive of the Court and prejudices his (Spencer's) ability to defend himself against the claims in the lawsuit. Spencer further contends that Plaintiff's conduct warrants the dismissal of this lawsuit under Rule 41(b) for failure to prosecute.

> By Order entered October 12, 2023 (Docket Entry No. 51), the Court gave Plaintiff a deadline of November 17, 2023, to file a response to the motion. Plaintiff was specifically warned that the failure to file a response could result in the motion to dismiss being granted. No response to the motion has been filed by Plaintiff.
>
> While the docket does not reflect that the copy of the October 12, 2023, Order mailed to Plaintiff was returned to the Court as undeliverable, a copy of an Order entered October 11, 2023 (Docket Entry No. 50), that denied Plaintiff's motion for a preliminary injunction was returned as undeliverable. *See* Docket Entry No. 53.

(Doc. No. 54 at 1–3).[3]

In her analysis, the Magistrate Judge found that dismissal of the lawsuit under Fed. R. Civ. P 41(b) is warranted because Plaintiff has failed to comply with the Court's order (Doc. No. 16) to keep the Clerk informed of his current address and his failure to prosecute the case. (*Id.* at 3). The Magistrate Judge noted that Court mail sent to Plaintiff has been returned, demonstrating that both the Court and counsel for Defendants cannot communicate with the Plaintiff. (*Id.* at 4). The Magistrate Judge further reasoned that the "case cannot proceed with an absent plaintiff." (*Id.*).

In addition, the Magistrate Judge concluded that dismissal of the case with prejudice was appropriate, contrary to Defendant Spencer's suggestion that the case be dismissed without prejudice. (*Id.*). The Magistrate Judge reasoned that "Plaintiff's failure to prosecute, his apparent disinterest in the action, and the fact that his current whereabouts are unknown" presented an "impasse" in further proceedings. (*Id.*). The Magistrate Judge observed that, although "Plaintiff's status as a *pro se* litigant affords him with some measure of leeway, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties, such as keeping the Court

---

[3] Notably, when the Magistrate Judge warned Defendant that a consequence of a failure to respond to the motion to dismiss could be dismissal, that inherently encompassed a warning that the dismissal could be with prejudice, because the Court's warning did nothing to limit the referenced potential dismissal to one without prejudice. Moreover, this Court's Local Rules state that dismissal for failure to timely notify the Court and opposing parties of any change in address may result in dismissal of the action "*with* or without prejudice." LR 41.01(b).

informed of a good mailing address and remaining involved in the case." (*Id.*). The Magistrate Judge further stated that "[n]either the Court nor the Defendants should be required to expend any further resources if Plaintiff suddenly reappears and desires to re-start his case." (*Id.*). The Magistrate Judge concluded that a "sanction lesser than dismissal is not warranted." (*Id.*).

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context*." Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the R&R and the Objections. Below, the Court conducts a *de novo* analysis of the portions of the R&R challenged by the Objections.

ANALYSIS

Via the R&R, the Magistrate Judge recommends that the Court grant the Motion and that the action be dismissed with prejudice in its entirety. (Doc. No. 54 at 5). In his Objections, Plaintiff does not deny his failure to respond to a previous Report and Recommendation, (Doc. No. 47), or the current Motion. Nor does Plaintiff deny his failure to file a new change of address.[4] Instead, Plaintiff makes unsupported claims that he never received Defendant's Motion and that Richard Wiles—who was a Defendant herein before being dismissed—"has [him] in a psych[] ward, denying all access to courts an[d] tools." (Doc. No. 57 at 1). Plaintiff's statements regarding his alleged prior and past circumstances are not a specific objection to any finding in the R&R and therefore may not be considered as an "objection" under Fed. R. Civ. P. 72(b)(2) or L.R. 72.02(a).

Construing his objection very generously because he is proceeding pro se, the Court treats Plaintiff as making a reference to two specific portions of the R&R. The first was the portion where the Magistrate Judge recommended dismissing the entire case, and not just the claims of the sole movant, Defendant Spencer. (Doc. No. 57 at 1) ("Cody Spencer can only request *he* be dismissed off the case[;] he cannot speak for over 20 Defendants." (emphasis added)). To begin with, Plaintiff does not appear to understand that this Court already had dismissed the majority of the claims and

---

[4] Following the filing of the R&R, Plaintiff filed a "Notice of Change of Address," (Doc. No. 55), a "Response" in opposition to Defendant's Motion, (Doc. No. 56), and a second Motion for Preliminary Injunction, (Doc No. 58), which was styled as an "Omnibus Motion." The Court is aware that dismissal of a party's action for a failure to prosecute "is a harsh sanction which the court should only order in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff," *Wafford v. Postmaster Gen., U.S. Postal Serv.*, No. 92–6403, 1993 WL 94113, at *1 (6th Cir. Mar. 31, 1993). But the Court is nevertheless unwilling to grant Plaintiff an opportunity at this stage to re-start his case by considering these new filings. Plaintiff has a demonstrated record of contumacious behavior, principally reflected in how he discussed the Magistrate Judge in his Objections. (Doc. No. 57 at 1). Plaintiff also failed to comply with the Court's directive that he notify the Clerk's Office of any change in address after he was specifically warned by the Court that failure to do so could lead to dismissal of his case. (Doc. No. 16 at 3). This all is part of why the Court agrees with the Magistrate Judge, as discussed below, that Plaintiff's conduct warrants the sanction of dismissal (with prejudice) for failure to prosecute.

Defendants and that the R&R (properly) applied only to his two remaining claims and the three remaining Defendants rather than to all of the original Defendants. (Doc. Nos. 16 at 3, 54 at 2). And Plaintiff cites no authority for the proposition that a defendant-movant cannot request—and that a court cannot grant—dismissal of an *entire* case under Rule 41(b) rather than dismissal only of the claims against the defendant-movant. Moreover, Rule 41(b) makes clear that a defendant-movant can request (and a court can grant) dismissal of *either* the claims against the defendant-movant *or* the entire action. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). So this (conclusory and unsupported) objection is overruled.

The second objection was to the portion where the Magistrate Judge "volunteered" that dismissal of this action be with prejudice. (Doc. No. 57 at 1) It is true that the Magistrate Judge proposed sua sponte—"volunteered," in the Plaintiff's wording—that the dismissal she recommended be with prejudice (rather than without prejudice as requested by Defendant Spencer). Plaintiff fails to present any argument for why that recommendation was inappropriate, beyond stating that over 20 parties are "in default" and "have not responded"—a statement that is inaccurate (because no parties, let alone 20 parties, are in default) and misleading (because it falsely implies that 20 parties are in violation of some duty to "respond" to some unidentified something)—and in any event does nothing to impugn the recommendation that the recommended dismissal be with prejudice. But because this Court has an obligation to review this recommendation de novo, and because Plaintiff is proceeding pro se, the Court will take an independent look at this recommendation. In the instant case, and as indicated in the Background section above, the R&R stated in pertinent part:

> The imposition of sanctions and the type of sanctions imposed by the Court for failure to comply with the Court's orders and for failure to prosecute a case are

> matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).
>
> The circumstances of this case warrant its dismissal. Plaintiff was specifically cautioned by the Court to inform the Clerk of any change of address, but he has failed to comply with this directive. As indicated by the return of Court mail sent to Plaintiff, the Court does not have a good mailing address for Plaintiff. As a result, neither the Court, nor counsel for Defendant, can communicate with Plaintiff. The case cannot proceed with an absent plaintiff.
>
> Contrary to Defendant Spencer's suggestion that the case be dismissed without prejudice, the Court finds that dismissal of the case with prejudice is appropriate in light of the impasse in further proceedings caused by Plaintiff's failure to prosecute, his apparent disinterest in the action, and the fact that his current whereabouts are unknown. The Court has expended valuable, already-limited resources managing this case to this point only to have Plaintiff apparently lose interest in pursuing the lawsuit. Neither the Court nor Defendants should be required to expend any further resources if Plaintiff suddenly reappears and desires to re-start his case. A sanction lesser than dismissal is not warranted. While the Court recognizes Plaintiff's status as a *pro se* litigant affords him with some measure of leeway, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties, such as keeping the Court informed of a good mailing address and remaining involved in the case.

(Doc. No. 54 at 4).

In context, it is clear that when the Magistrate Judge stated that "[a] sanction lesser than dismissal is not warranted," she meant that "[a] sanction lesser than dismissal *with prejudice* is not warranted." Because review is de novo, the Court does not defer to this view of the Magistrate Judge. And yet the Court concurs with it and will adopt it.

Unless the court's order states otherwise, an order of involuntary dismissal under Rule 41(b) for failure to prosecute "operates as an adjudication on the merits." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (other citations omitted)). In the context of Rule 41, a dismissal "on the merits" means a dismissal "with prejudice" and (not surprisingly) stands in contrast to a dismissal "without prejudice," which primarily means a dismissal "without barring the plaintiff from

returning later, to the same court, with the same underlying claim." *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." (citing, *inter alia*, Fed. R. Civ. P. 41(b)). What all of this means is that even though a dismissal with prejudice for failure to prosecute is a severe sanction and should not be imposed lightly, *e.g.*, *Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011), it is sanction for failure to prosecute that is plainly contemplated by Rule 41(b) and thus not extraordinary.

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. Am. Tel. & tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). This analysis applies not just to the decision whether to dismiss, but also to the decision whether to dismiss *with prejudice*. *See, e.g. Craig v. Ruby Tuesday, Inc.*, No. 1:16-CV-74-SKL, 2018 WL 11416552, at *2 (E.D. Tenn. Aug. 27, 2018). The court's resolution of this issue in *Craig* involved facts strikingly similar (if not identical) to those in this case, and its analysis of the factors was cogent:

> As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's order is attributed to his own willfulness or fault. Notably, some mail sent to Plaintiff's address by the Court was marked "return to sender refused unable to forward" [e.g. Docs. 135, 145]. Plaintiff's failure to respond to the Court's orders may be willful (if he received an order and declined to respond), or it may be negligent (if he did not receive the order because he failed to update his address and/or monitor this action as required by Local Rule 83.13). Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Moreover, Werner's former counsel indicated Werner received various communications by email [Doc. 133]. Either way, the first factor weighs in favor of dismissal.

> The second factor likely weighs in favor of dismissal, but Defendant has not argued it has been prejudiced by Werner's inactions and/or delays [Doc. 138]. The third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's orders, despite being expressly warned of the possible consequences of such a failure.
>
> Finally, the Court finds that alternative sanctions would not be effective. The Court does not believe a monetary sanction or dismissal without prejudice would be an effective sanction to promote Werner's respect for this Court's deadlines and orders, given that the threat of dismissal with prejudice was not effective in compelling his compliance. The Court thus concludes that, in total, the factors strongly weigh in favor of dismissal of Werner's action with prejudice pursuant to Rule 41(b).
>
> Accordingly, based on Werner's continuing failure to comply with the Court's orders, Defendant's motion to dismiss [Doc. 138] is **GRANTED** and Werner's claim is **DISMISSED WITH PREJUDICE**.

*Craig*, 2018 WL 11416552, at *2. Notably, like that court's Local Rule 83.13, this Court's Local Rule 41.01(b)—as noted in a footnote above—requires a pro se plaintiff to keep his address updated with the Court.

As suggested above, *Craig* involved circumstances that in pertinent respects were very similar to the ones here. The analysis in *Craig*, which the Court finds persuasive, is applicable here, with the caveat that two circumstances make dismissal with prejudice actually even more appropriate here than in *Craig*. First, Defendant Spencer did specifically assert prejudice on the grounds that he had been preparing a motion for summary judgment when he learned that Plaintiff had changed addresses from his original address (as an inmate at El Paso County Jail Annex). (Doc. No. 49 at 5). Though not a major needle-mover, this assertion of prejudice (which went unchallenged by Plaintiff) does aid Defendant Spencer on this factor. Second, Plaintiff has become, after the entry of the R&R, more blameworthy than he had been previously and more blameworthy in one sense than was the plaintiff in *Craig*. Specifically, rather than accept that the Magistrate Judge's analysis was based on *Plaintiff's own failures* and that he needed to do better

in the future to comply with his obligations under court orders and local rules, Plaintiff harshly attributed that analysis (without any basis whatsoever) to alleged unconscionable bias and dereliction of duty on the part of the Magistrate Judge. By making these post-R&R unwarranted and vicious attacks rather than recognizing his own shortcomings, Plaintiff has revealed himself to be more even more blameworthy for past violations (as he refuses to accept responsibility for them) and even more unlikely to litigate his claims in a rules-compliant manner—and thus far less deserving of another chance to prosecute his claims.

For all of these reasons, the Court concludes on de novo review, exercising its discretion, that dismissal with prejudice is warranted.

The remainder of Plaintiff's statements in the Objections are not directed at the R&R, much less at specific portions of it. They consist primarily of baseless accusations and a request for the recusal of the Magistrate Judge. (Doc. No. 57 at 1). Apart from his unsubstantiated and outlandish assertions about the Magistrate Judge, Plaintiff apparently bases his request for recusal on his above-referenced contention that the Magistrate Judge should not have ordered that dismissal be with prejudice. (*Id.*). The request for the Magistrate Judge's recusal is utterly without merit. It is also moot, given that this action is being dismissed.

Accordingly, Plaintiff's Objections are overruled, and the R&R is adopted and approved.

CONCLUSION

For the reasons discussed herein, Plaintiff's Objections are overruled, and the Court adopts the Magistrate Judge's R&R (Doc. No. 54). Accordingly, Defendant's Motion (Doc. No. 48) is GRANTED, and this action is dismissed with prejudice in its entirety, both as to Defendant Spencer (who filed the Motion) and as to the Non-moving Defendants.

The Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE