DEVORIS A. NEWSON

RECEIVED
SEP 05 2024
U.S. District Court
Middle District

NO. 3:23-CV-00081

TRINITY SERVICES GROUP, INC., ET. AL.,

3-25-24

**FED. PRACTISE CIVIL P. 59.01(E) Motion to Alter Judgement**

COMES NOW Plaintiff MOVING THE COURTS TO Alter Judgment, IN FAVOR OF A LESSER SANCTION, IN WHICH THE CASE MATTER SHALL CONTINUE. BEFORE MAKING MY ARGUEMENT I'D LIKE TO CORRECT AND DISPUTE STATEMENTS MADE BY THE COURTS IN THE ORDER TO DISMISS WITH PREJUDICE... (1) MY NAME IS NOT "WERNER" NOR HAVE I EVER HAD REPRESENTATION CONCERNING THIS MATTER, AS ERRANEOUSLY STATED IN THE ORDER. (2) I DO NOT AGREE WITH THE COURTS BACKGROUND... AN THE FACT THAT THE JUDGE CONTINUES TO IN ERROR ALLEGE ALL ORIGINAL PARTY'S WERE NEVER SERVED, IN WHICH THEY WERE IN MARCH OF 2023 CERTIFIED MAIL, WHILE I WAS INCARCERATED AT TROUSDALE TURNER CORRECTIONAL FACILITY WHICH CAN BE VERIFIED (3) THE BACKGROUND FACTS ARE INACCURATE, IN WHICH I AMENDED THE SUIT 3 TIMES THE LAST BEING IN JUNE 2023 IN WHICH NUMEROUS DEFENDANTS WERE ADDED ALONG WITH ADDITIONAL CLAIMS AN SUMMONS WERE MAILED TO THE COURT FOR EACH DEFENDANT TO BE SERVED BY U.S. MARSHALS, THIS AMENDED COMPLAINT WAS NOT DENIED, NOR WERE THE ADDITIONAL DEFENDANTS DISMISSED, UPON THIS FILING THE DEFENDANT SPENCER IN HIS RESPONSE REQUESTING AMENDED COMPLAINT BE DISMISSED, DID IN FACT ACKNOWLEDGE THAT HE DID IN FACT VIOLATE MY CIVIL RIGHTS UNDER DUE PROCESS... LEAVING NO WIGGLE ROOM TO CHALLENGE THE MERITS OF THE CASE. NEVERTHELESS, LET ME AT THIS TIME STATE THE ESSENTIAL REASONS FOR THIS MOTION WHICH IS (ABUSE OF JUDICIAL DISCRETION) DEFENDANT SPENCER COMES FORWARD TO THE COURT WITH "UNCLEAN hands" PLAINTIFF'S PHONE RECORDS IN AUGUST 2023 WILL ESTABLISH COMMUNICATION BETWEEN BOTH PARTYS FURTHERMORE HAD THE COURTS GIVEN ME AN OPPORTUNITY TO EXPLAIN MY 1 TRANSGRESSION, AT SUCH AN EARLY STAGE IN THE PROCEEDINGS, I WOULD HAVE NOTIFIED THE COURT I HAD NO PLACE OF RESIDENCE TO GIVE THEM SEEING AS I HAD NO RESIDENCE, WHICH WAS THE REASON FOR MY SHORT 3 MONTH ABSENCE FROM THE PROCEEDINGS, PLUS DEFENDANT SHERIFF WILES RECIEVED THE COURTS WARNING FROM THE COURTS IN AUGUST OF 2023, YET I DID NOT AN AS THE RECORD REFLECTS UPON MY BECOMING AWARE IN WHICH THE COURTS SOMEHOW MANAGED TO LOCATE ME ON THERE ON ACCORD IN FEBRUARY 2024, I IMMEDIATELY OBJECTED WHICH DISPUTES ANY Allegation of Disinterest or Disrespect for the Courts or COURT ORDERS. Furthermore FED. R. CIV. P. 41.51(B) IS A DRASTIC REMEDY TO BE USED ONLY IN EXTREME CIRCUMSTANCES. FOR IT HAS THE EFFECT OF ADJUDICATION ON THE MERITS, IT SHOULD BE Employed only when lesser Remedies are NOT SATISFACTORY (SEE 41.51[3][CI]. THE COURTS SHOULD BE ESPECIALLY CAREFUL NOT TO DISMISS A CASE INVOLVING CIVIL RIGHTS CLAIMS OR

(1) A PRO-SE Plaintiff too hastily. AN AGAIN I MUST STATE THE COURTS NEVER SOUGHT EXPLANATION...

* BRISCOE V. KLAUS, 538 F.3d 252 (3d Cir. 2008) (Although pro se plaintiff is Personally responsible for progress of CASE, Failure to attend pretrial conference or otherwise, without seeking pro-se, Plaintiff's explanation Regarding why he failed to attend conference, and comply with COURT ORDERS, AND in assuming prison officials were truthful in claiming That Plaintiff Refused to attend conference).

(2) * THE COURTS REFUSED TO even explore the possibities of lesser sanctions for the plaintiffs 1 an only Transgression

* GARDNER V. UNITED STATES, 211 F.3d 1305, 1308 (Dismissal is unduly severe sanction for single episode of misconduct, and should be imposed only After less dire alternatives have been explored Generally where a plaintiff has failed only to comply with a few COURT ORDERS OR RULES WE HAVE HELD THAT THE DIST. COURT ABUSED ITS DISCRETION IN DISMISSING THE SUIT WITH PREJUDICE (see e.g. Morris V OCEAN SYSTEMS, 730 F.2d 248, 252 (5th Cir. 1984)

(3) * Plaintiffs Delay was short as well as In the early stages of THE CASE
* Minnette V. TIME WARNER 997 F.2d 1023, 1027 (2d. Cir. 1993)(reversal of Dismissal granted Because 8 month Delay in responding to Defendants letter seeking Dismissal on grounds of lack of Venue

(4)* THE COURTS FAILED TO CONSIDER THE OVERALL EFFECTS OF MY Conduct on other PENDING CASES ON THE DOCKET, In WHICH APPLYING THE RULE 41.51 THE COURTS (MUST) YET FAILED, TO STRIKE A BALANCE BETWEEN THE COMPETING INTERESTS OF efficiently managing Its Docket an Deciding cases on their MERITS

* SEE MOORE, 539, F.2d at 1193 (District Courts should weigh the courts need TO ADVANCE ITS HEAVY DOCKET, AGAINST THE consequences of irreversibly extinguishing the litigants claim an consider whether any less-severe sanction) could adequately remedy the effect of the delay on the COURT AND THE PREJUDICE to opposing party.

(5)* THE CONSIDERATIONS Relevant to Determining whether to dismiss an action UNDER RULE 41(B) were never considered. This Included (1) The effect of a plaintiffs Dilatory or continumacious conduct on the courts Docket (2) whether the plaintiffs Behavior has prejudiced the defendants AND (3) whether Deterrence was necessary to protect the Integrity of the Judicial System *McMahan v Deutsche Bank AG, 892 F.3d 926,

(6)* IN FACT TOP Paragraph 9 of 11 IN THE COURTS ORDER. DOES THE JUDGE STATE plainly that the Defendant never argued that it had been Prejudiced by plaintiffs actions

* Secondly the court In error states I was warned Yet As Records establish I was no longer at the location in August 2023 when The Courts sent the warning.

* The Courts then go even further In using this warning that I never Recieved As an excuse To Deny any lesser sanction, based off of A WARNING THAT I NEVER Recieved, WHICH THE COURTS WERE AWARE AS EPSO NOTIFIED THEM, YET THEY SENT THE WARNING ANYWAY? KNOWING full well I was no longer AT THIS LOCATION, NOW THE COURTS IN ERROR STATE InFALLibly THAT IT WAS RECIEVED BY ME AN THUS GROUNDS JUSTIFY DISMISSAL with Prejudice, YET IN THIS VERY SAME ORDER THEY ESTABLISH I WAS NO LONGER AT THE LOCATION IN WHICH THE WARNING WAS SENT AN THUS PROVES I WAS NEVER WARNED WHICH IS THE VERY REASON THE COURTS ARE REFUSING LESSER SANCTIONS THUS Establishing (ABUSE OF Judicial Discretion)

* WE ALSO KNOW Spencers Alledgede NOTIFICATION that he was Preparing a Summary Judgment Is suspect, for he had already confessed on record to violation of plaintiffs Rights, THIS STATEMENT WAS MADE BY THE Ruling Judge, Eli Richardson who claims To have been Ruling on the matter De novo IN which THE MAGISTRATE Judge never used this excuse at any time on Record or in support of Dismissal NOR DID SPENCER, THE COURTS seemed to HAVE "WERNERS" Matter extremely confused with my own)

* THUS I REQUEST THE ORDER TO Dismiss with prejudice be overturned (1) Plaintiffs ERROR WAS NOT willful, In bad faith (2) The adversary was NOT Prejudiced by my short ABSENCE AT such an early STAEG (3) I was never actually warned Due to change of Location In which I had NO Actual Address, Yet was never given opportunity TO Explain (4) Less Drastic sanctions were never considered Based off of the COURTS erroneous conclusion that I was warned in August of 2023 (see Knoll, 176 F.3d at 363)

Certificate of Service
Filed this 28th day of August 2024 By U.S. Mail
Sig /s/

DEVORIS NEWSON 9546176
EPTA (519)3) 9851243
12501 MONTANA AVE
EL PASO TX

DEVORIS NEWSON SO#954615176
EPJA (5198) BK#9851 A4B
12501 MONTANA AVE
EL PASO TX 79938

EL PASO TX 798
RIO GRANDE DISTRICT
28 AUG 2024 PM 2 L

RECEIVED
SEP 05 2024
U.S. District Court
Middle District of TN

LYNDA M. HILL
USDC CLERK OF COURT
801 BROADWAY AVE
NASHVILLE TN. 37203

37203-381699